EOD 3-10-92

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 5 - 1992

MURRAY L. HARRIS, CLERK

BY _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY | § § § | |
| v. | § | CIVIL ACTION NO. S-91-142-CA |
| JODI HAMILTON | § § | |

### ORDER

On the 31st day of January, 1992, came on for hearing defendant's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) and Motion for Order Allowing Interlocutory Appeal Upon Denial of Dismissal Motion, and having considered the motion, the response thereto, and the argument of counsel, the Court is of the opinion that such motion should be granted.

On August 13, 1991, plaintiff filed its Complaint alleging jurisdiction on diversity of citizenship. Plaintiff alleges that a Texas Workers' Compensation Commission ruling and award in favor of the defendant was in error. In the complaint, plaintiff alleged that the claim before the Commission was in excess of the minimum jurisdictional limits of this Court. On October 18, 1991, defendant filed her counterclaim alleging that the total award that she was seeking was $44,625[1].

On December 13, 1991, defendant filed her Second Motion to Dismiss for lack of jurisdiction alleging that plaintiff has failed to meet the amount in controversy requirement of $50,000 under 28 U.S.C. § 1332(a). Plaintiff alleges that it has met the amount in

---

[1] Defendant is seeking a total award of $43,825.39 with discounting. If no discount is applied, defendant seeks $44,625.

A TRUE COPY I CERTIFY
MURRAY L. HARRIS, CLERK
U. S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
By _____

1

CIV. ORDER BOOK
V 64 P 20

controversy based upon the Commission award of $44,625 and of future medical benefits. Plaintiff further alleges that at the very least jurisdiction existed on the day the suit was filed based upon the demand of $60,000 made by defendant.

Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs..."

The Fifth Circuit in <u>Hardware Mutual Casualty Co. v. McIntyre</u>[2] set out the test of jurisdiction for appeals in Texas Workers' Compensation cases as follows:

> If the insurer alleges that the insured has claimed compensation in excess of [$50,000] before the Board and that the insured will claim compensation in excess of [$50,000] in the court action to "set aside" the award, federal jurisdiction exists *unless* [1] the insured denies the allegation that he will seek more than [$50,000] in the court action and [2] makes an affirmative claim for compensation for a sum which does not exceed [$50,000].

The actual amount in controversy cannot be determined until the insured files his or her counterclaim which sets out the <u>only</u> claim involved in the action. <u>Id.</u> Therefore, jurisdiction existed at the time of the filing of plaintiff's complaint unless and until defendant files a counterclaim seeking a judgment for less than $50,000. The $60,000 demand by defendant is irrelevant to whether this Court has jurisdiction because defendant's counterclaim seeks an award for precisely the same amount of the Commission's award.

Plaintiff offers some evidence to demonstrate that the

---

[2] 304 F.2d 566, 569 (5th Cir.), <u>cert. denied</u>, 83 S.Ct. 147 (1962).

2

Commission's award of lifetime medical benefits in all probability will amount to more than the required $50,000 amount in controversy. However, future medical expenses which have not been incurred at the time of the counterclaim are not part of the controversy of this action unless placed into controversy by the insured. <u>Insurance Company of North America v. Keeling</u>, 360 F.2d 88, 91, n. 3 (5th Cir.), <u>cert. denied</u>, 87 S.Ct. 91 (1966). In this case, defendant has not placed into controversy future medical benefits. Although this Court does not agree with the result, the Court is bound by Fifth Circuit precedent. Therefore, this case should be dismissed because of lack of subject matter jurisdiction.

It is therefore ORDERED that defendant's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) and Motion for Order Allowing Interlocutory Appeal Upon Denial of Dismissal Motion is hereby GRANTED and this cause is DISMISSED for lack of jurisdiction over the subject matter.

Signed this 5th day of ~~February~~ March, 1992.

UNITED STATES DISTRICT JUDGE

Mld 3-10-92 to: Green
                 Richardson